UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AKO K. BURRELL,

Plaintiff,

vs.

6:25-CV-0052
(GTS/PJE)

KATHY HOCHUL, Governor; LETITIA JAMES; PEZDEK, Sr. Parole Ofcr.; PELLIGRINO, Sr. Parole Ofcr.; D. TRAGLIA, Parole Ofcr.; BEKTIC, Parole Ofcr.; LaPORTE; FORCE, Corr. Ofcr.; SCHALAGER; VAN WINKLER; and LUPPINO,[1]

Defendants.

---

APPEARANCES:

AKO K. BURRELL, 17-B-2994
Plaintiff, *Pro Se*
Elmira Correctional Facility
PO Box 500
Elmira, New York 14902

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Ako K. Burrell ("Plaintiff") against New York State Governor Kathy Hochul, New York State Attorney General Letitia James, Senior Parole Officers Pezdek and Pellegrino, Parole Officers Traglia, Bektic and Van Winkler, Corrections Officers Force and Schalager, and New York State employees LaPorte

---

[1] In Plaintiff's Objection, he states that Defendant Cuppino should be Defendant Luppino (See Dkt. No. 10, Page 3, "Fourth Objection.") As a result, the Clerk is directed to change the name Defendant Cuppino to Defendant Luppino in the caption.

and Luppino ("Defendants"), are (1) United States Magistrate Judge Paul J. Evangelista's Report-Recommendation recommending that some of Plaintiff's claims be dismissed but that other claims (specifically, his claims of excessive force, due process and retaliation/assault against Defendants Van Winkler, Pezdek, Pelligrino, Traglia, Force, Bektic) survive the Court's initial review, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 8, 10.)

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Evangelista's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Evangelista rendered the following eleven determinations: (1) Plaintiff's claims against Defendants in their official capacities should be dismissed with prejudice and without leave to amend on 11th Amendment immunity grounds (and, insofar as Plaintiff seeks to proceed against Defendants in their official capacities for monetary damages, such claims should be dismissed in their entirety without prejudice and without leave to amend); (2) Plaintiff's Fifth Amendment due process claims and Sixth Amendment right to speedy trial claims against Defendants in their individual capacities should be dismissed with prejudice and without leave to amend because (a) Defendants are state officials and the Fifth Amendment only applies to federal officials, and (b) the Sixth Amendment concerns a criminal defendant's right to speedy trial and this action concern a civil matter; (3) Plaintiff's Fourteenth Amendment selective enforcement claim against Defendants Hochul and James based on Plaintiff's ban from various State office buildings in Utica, New York, should be dismissed without prejudice based on Plaintiff's failure to allege Defendants' personal involvement; (4) Plaintiff's Fourteenth Amendment due process claims against Defendants LaPorte, Schalager, Luppino, and Pezdek based on a failure to investigate (Plaintiff's sexual

assault claim against Defendant Van Winkler) should be dismissed with prejudice and without leave to amend for failure to state a claim, and his due process claims against Defendants LaPorte, Luppino, Schalager, and Pezdek based on a failure to allow him to file a PREA complaint should be dismissed with prejudice and without leave to amend, because the PREA does not provide a private right of action in federal court; (5) Plaintiff's Fourteenth Amendment due process claims against Defendants LaPorte, Schalager, Luppino, and Pezdek based on a failure to assign him a new parole officer, and his due process claims against Defendant Van Winkler for arbitrarily keeping Plaintiff on GPS monitoring, should survive the Court's initial review, because it is unclear whether Defendants' justification for both actions was based on threats Plaintiff made while incarcerated or due to Plaintiff's grievance claims; (6) Plaintiff's Fourth Amendment excessive force claims asserted Defendants Traglia, Pezdek, Bektic, Force, Van Winkler, and Pellegrino should survive the Court's initial review based on evidence which shows force was used to subdue Plaintiff in the parole office, but his excessive force claims against Defendants LaPorte and Schalager should be dismissed without prejudice and with leave to amend because Plaintiff has failed to set forth any allegations against them; (7) Plaintiff's First Amendment retaliation claims against Defendants Van Winkler, Pezdek, Pelligrino, Traglia, Force, Bektic based on assault should survive the Court's initial review, because Plaintiff has alleged facts plausibly suggesting a causal connection between the alleged assault and his protected conduct, but his retaliation claims against Defendant LaPorte based on assault should be dismissed without prejudice and with leave to amend for failure to allege personal involvement; (8) Plaintiff's First Amendment retaliation claims against Defendants LaPorte, Schalager, Luppino, and Pezdek based on a refusal to investigate his claim of sexual assault

should be dismissed with prejudice and without leave to amend because there is no constitutional right to an investigation by government officials; (9) Plaintiff's First Amendment retaliation claim against Defendants for refusing to assign him a new parole officer should be dismissed without prejudice and with leave to amend because Plaintiff may be able to set forth additional factual allegations to support his claim; (10) Plaintiff's First Amendment retaliation claims against Defendants Force and Van Winkler for violating his parole should be dismissed without prejudice and with leave to amend, because the Court cannot determine if Plaintiff can demonstrate favorable termination of the charges filed against him; and (11) Plaintiff's Section 1983 conspiracy claims against Van Winkler, Pezdek, Pelligrino, Schalager, Traglia, Force, Bektic, LaPorte and Luppino should be dismissed without prejudice and with leave to amend, because Plaintiff has failed to set forth any factual allegations plausibly suggesting how these Defendants reached an agreement, understanding, or "meeting of the minds" which shows they intended to violate his constitutional rights. (Dkt. No. 8, at Parts III-IV.)

**B. Plaintiff's Objection to the Report-Recommendation**

Generally, in his Objection, Plaintiff asserts the following nine arguments: (1) Defendants James and Hochul were personally involved in Plaintiff's Fourteenth Amendment equal protection claim against them, because (a) Attorney General Letitia James authorized the ban and Governor Hochul was aware of the ban, given that Plaintiff sent correspondence to the Governor seeking a reprieve from the ban, and (b) while the ban was amended in February 2026 allowing Plaintiff to access state buildings with a security escort, his requests for a security escort have been rejected; (2) Magistrate Judge Evangelista failed to present any legal findings before dismissing Plaintiff's Fourth Amendment malicious prosecution claim against Defendants

Van Winkler and Force; (3) Plaintiff's First Amendment retaliation claim against Defendants LaPorte, Schalager, Luppino and Pezdek should not be dismissed, because Defendants failed to investigate the sexual assault claim and enforce a no-contact policy while an investigation is pending as required under PREA and New York State DOCCS regulations; (4) Plaintiff's First Amendment malicious prosecution claims against Defendants Force and Van Winkler for violating his parole should proceed, because the charges against Plaintiff were dismissed; (5) Plaintiff's Section 1983 conspiracy claims against Defendants LaPorte, Schalager, Pellegrino and Pezdek should not be dismissed, because Plaintiff has shown that they refused to investigate Plaintiff's PREA complaint and failed to assign him a new parole officer in violation of PREA requirements; (6) Plaintiff's Section 1983 conspiracy claims against Defendants Traglia, Force, and Van Winkler should not be dismissed because they testified at Plaintiff's parole hearing to further the conspiracy against him, which resulted in Plaintiff's parole violation; (7) Plaintiff's Section 1983 conspiracy claims against Defendants Luppino and Schalager should not be dismissed, because they revoked Plaintiff's parole based on a lack of clear and convincing evidence; (8) as for the claims to be dismissed without prejudice, Plaintiff has stated sufficient factual allegations in support of his claims of First Amendment retaliation, First Amendment malicious prosecution, and Section 1983 conspiracy, because he is proceeding *pro se*, and the Court should read his claims with special solicitude; and (9) this case should not be consolidated with *Burrell v. Van Winkler*, 6:24-CV-1169 (N.D.N.Y.), because doing so would be unduly burdensome for him. (Dkt. No. 10.)

## II. STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[2] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[3] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ.*

---

[2] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[3] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

*of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe,

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Evangelista's thorough Report-Recommendation, the Court can find no error in those parts of the Report-Recommendation to which Plaintiff specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Evangelista employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court would add the following two points.

First, Plaintiff's objections contain no specific challenge to the Report-Recommendation, and merely reiterate several of his original arguments (albeit with some factual clarifications).[6]

---

J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[6] In particular, with respect his First Amendment malicious prosecution claims against Defendants Force and Van Winkler, Plaintiff asserts favorable termination by stating

(*Compare* Dkt. No. 10, at Fifth and Seventh Objections [Plf.'s Obj.] *with* Dkt. No. 4 at ¶¶ 33, 37, 38 [Plf.'s Am. Compl.].) As a result, the Court finds that these "challenged" portions of the Report-Recommendation warrant only a *clear-error* review. *See, supra,* Part II of this Decision and Order. Moreover, the Court finds they survive that review. In any event, even if this were not the case, the Court would find that the challenged portions of the Report-Recommendation survive a *de novo* review.

Second, as to Plaintiff's concern that this action is being consolidated with *Burrell v. Van Winkler*, 6:24-CV-1169 (N.D.N.Y.), before U.S. District Judge David N. Hurd, this action is not being consolidated with the action before District Judge Hurd but is merely being deemed a "related" action pursuant to Paragraph G of this Court's General Order 12.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Evangelista's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's claims against Defendants in their official capacities for monetary damages (Dkt. No. 4) are **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment due process claim asserted against Defendants LaPorte, Schalager, Luppino, and Pezdek, in their individual capacities and for

(conclusorily) that the charges against him were dismissed; and with respect to his Fourteenth Amendment equal protection claim concerning his being banned from state office buildings, Plaintiff states (again, conclusorily) that the ban was amended in February 2026 allowing him access as long as he had obtained permission from security to escort him. (Dkt. No. 10, at Sixth Objection and Second Objection.)

monetary damages, for their refusal to investigate his sexual assault claim against Van Winkler and allow Plaintiff to file a PREA complaint against Van Winkler (Dkt. No. 4) is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**; and it is further

**ORDERED** that Plaintiff's First Amendment retaliation claim asserted against Defendants LaPorte, Schalager, Luppino, and Pezdek, in their individual capacities, for their refusal to investigate his sexual assault claim against Van Winkler (Dkt. No. 4) is **DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**; and it is further

**ORDERED** that the following claims (Dkt. No. 4) are **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**:

(1) Plaintiff's Fourteenth Amendment equal protection based on selective enforcement claim against Defendants Hochul and James;

(2) Plaintiff's Fourth Amendment excessive force claim against Defendants LaPorte and Schalager;

(3) Plaintiff's First Amendment retaliation claim against Defendants LaPorte, Schalager, Cuppino, and Pezdek for refusing to assign Plaintiff a new parole officer;

(4) Plaintiff's First Amendment retaliation claim against Defendant LaPorte for assault;

(5) Plaintiff's First Amendment retaliatory prosecution and Fourth Amendment malicious prosecution claims against Defendants Force and Van Wnkler;

(6) Plaintiff's Section 1983 Conspiracy claims against Defendants Van Winkler, Pezdek, Pelligrino, Schalager, Taglia, Force, Bektic, LaPorte, and Luppino in their individual capacities; and it is further

**ORDERED** that the following claims (Dkt. No. 4) **SURVIVE INITIAL REVIEW**:

(1) Plaintiff's Fourteenth Amendment due process claims against Defendants LaPorte, Luppino, Schalager, Pezdek, and Van Winkler for refusing to assign him a new parole officer and keep him on GPS monitoring;

(2) Plaintiff's Fourth Amendment excessive force claims against Defendants Traglia, Pezdek, Bektic, Force, Van Winkler, and Pelligrino;

(3) Plaintiff's First Amendment retaliation claims against Defendants Van Winkler, Pezdek, Pelligrino, Traglia, Force, and Bektic, in their individual capacities, for assault in retaliation for his protected speech; and it is further

**ORDERED** that this matter be deemed related to *Burrell v. Van Winkler*, *et al*., 6:24-cv-1169 (DNH/MJK) (N.D.N.Y.), and it is further

**ORDERED** that, should Plaintiff wish to file an Amended Complaint, ***except with regard to any claims being dismissed with prejudice and without leave to amend***, Plaintiff has **THIRTY (30) DAYS** from the date of this Decision and Order in which to do so; Plaintiff is further advised that the Amended Complaint must be a complete pleading which complies with the pleading standards set forth in Federal Rules of Civil Procedure 8 & 10 and Local Rule 10.1, and will supercede and replace the original Complaint filed in this action; and it is further

**ORDERED** that should Plaintiff fail to file a timely Amended Complaint, it will be deemed as an abandonment of any claims for which to replead has been granted and will result in judgment being entered against Plaintiff on these claims without further order by the Court; and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint, the Amended Complaint will be returned to Magistrate Judge Evangelista for review pursuant to 28 U.S.C. § 1915.

Dated: September 29, 2026
Syracuse, New York

HON. GLENN T. SUDDABY
United States District Judge